No. 12-5951

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SHEM MALMQUIST; MERIDETH MALMQUIST,

 Plaintiffs-Appellants,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND
DAVIDSON COUNTY, TENNESSEE; GERMANTOWN,
TENNESSEE

 Defendants-Appellees.

---

## BRIEF OF APPELLEE METROPOLITAN GOVERNMENT
## OF NASHVILLE AND DAVIDSON COUNTY

---

On Appeal From the United States District Court
for the Middle District of Tennessee

SAUL SOLOMON
DIRECTOR OF LAW
ALLISON L. BUSSELL
CHRISTOPHER M. LACKEY
ASSISTANT METROPOLITAN ATTORNEYS
DEPARTMENT OF LAW OF THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND DAVIDSON
COUNTY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee  37219-6300
(615) 862-6341

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Because the Metropolitan Government of Nashville and Davidson County is a political subdivision of the State of Tennessee, it need not disclose the information set forth in Sixth Circuit Rule 26.1.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .............................................ii

TABLE OF CONTENTS .........................................................iii

TABLE OF AUTHORITIES ....................................................... v

STATEMENT REGARDING ORAL ARGUMENT ................................vii

STATEMENT OF THE ISSUES.............................................. 1

STATEMENT OF THE CASE .............................................. 2

STATEMENT OF THE FACTS ............................................ 2

SUMMARY OF THE ARGUMENT ........................................ 2

STANDARD OF REVIEW....................................................... 6

ARGUMENT ................................................................ 7

I.    THE MALMQUISTS HAVE NOT STATED A CLAIM
      UNDER THE EIGHTH AMENDMENT BECAUSE
      THEY HAVE NOT ASSERTED THAT THE AMOUNT
      OF THEIR BAIL WAS EXCESSIVE ............................... 8

II.   THE MALMQUISTS' SUBSTANTIVE DUE PROCESS
      CLAIM IS PRECLUDED BY THE EIGHTH
      AMENDMENT. ........................................................... 16

III.  THE MALMQUISTS HAVE FAILED TO STATE A
      PROCEDURAL DUE PROCESS CLAIM BECAUSE
      THEY HAVE NOT IDENTIFIED A
      CONSTITUTIONALLY-PROTECTED LIBERTY
      INTEREST THAT THE METROPOLITAN
      GOVERNMENT VIOLATED.......................................................20

IV.   THE MALMQUISTS APPEAL IS FRIVOLOUS IN LIGHT OF THE SIXTH CIRCUIT'S RECENT HOLDING IN *FIELDS* AND OTHER WELL-ESTABLISHED PRECEDENT.....................................................24

CONCLUSION ..................................................................... 26

CERTIFICATE OF COMPLIANCE....................................... 28

CERTIFICATE OF SERVICE.................................................. 29

ADDENDUM ......................................................................... 30

# TABLE OF AUTHORITIES

CASES

*ACLU v. McCreary County, Ky.,* 607 F.3d 439 (6th Cir.2010) .............. 15

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................. 7

*Atkins v. People of State of Mich.*, 644 F.2d 543 (6th Cir. 1981) ............ 18

*Bruederle v. Louisville Metro Gov't*, 687 F.3d 771 (6th Cir. 2012) .......... 7

*Carlson v. Landon,* 342 U.S. 524 (1952) ................................................... 9

*Collins v. City of Harker Heights,* 503 U.S. 115 (1992) .......................... 17

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ....................... 17, 19

*Fields v. Henry County, Tenn.*, 701 F.3d 180 (6th Cir. 2012)......... *passim*

*Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir. 2007) .............. 10

*Gibson v. McMurray*, 159 F.3d 230 (6th Cir. 1998)................................ 21

*Graham v. Connor,* 490 U.S. 386 (1989)................................................. 17

*In re DeLorean Motor Co.,* 991 F.2d 1236 (6th Cir.1993)........................ 6

*Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454 (1989) ............................ 20

*League of United Latin Am. Citizens v. Bredesen*, 500 F3d 523 (6th Cir. 2007) ...................................................................................................... 6

*Metro. Hosp. v. U.S. Dept. of Health & Human Services*, No. 11-2465, 2013 WL 1223307 (6th Cir. Mar. 27, 2013) ........................... 14, 15

*PDV Midwest Refining, LLC v. Armada Oil and Gas Co.,* 305 F.3d 498 (6th Cir.2002)..................................................................................... 15

*Procopio v. Johnson,* 994 F.2d 325 (7th Cir.1993) ................................. 21

*Schwab v. Crosby,* 451 F.3d 1308 (11th Cir.2006) ................................. 15

*Shango v. Jurich,* 681 F.2d 1091 (7th Cir.1982) ................................... 21

*Sweeton v. Brown,* 27 F.3d 1162 (6th Cir.1994) .................................... 21

*Tareco Props., Inc. v. Morriss,* 321 F.3d 545 (6th Cir.2003) .................. 25

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430 (6th Cir. 2008) ......................................................... 6

*United States v. Bajakajian,* 524 U.S. 321 (1998) ................................... 9

*United States v. Giangrosso,* 763 F.2d 849 (7th Cir.1985) ..................... 10

*United States. v. Lanier*, 520 U.S. 259 (1997) ........................................ 17

*United States v. Salerno,* 481 U.S. 739 (1987) ......................................... 9

*Valot v. Southeast Local Sch. Dist. Bd. of Educ.,* 107 F.3d 1220 (6th Cir.1997) ....................................................................................... 17

*Waeschle v. Dragovic*, 687 F.3d 292 (6th Cir. 2012) ......................... 24, 25

*White by Swafford v. Gerbitz*, 862 F.2d 457 (6th Cir. 1989) .................... 21

*Women's Med. Prof'l. Corp. v. Baird,* 438 F.3d 595 (6th Cir.2006) ........ 20

## Statutes and Regulations

42 U.S.C. § 1983 ............................................... 2, 3, 7, 17, 21, 23

## Rules of Procedure

Fed. R. Civ. P. 12(b)(6) ....................................................... 6, 26

## **STATEMENT REGARDING ORAL ARGUMENT**

Metro submits that oral argument would not assist the Court in resolving the issues presented in this appeal.

## <u>STATEMENT OF THE ISSUES</u>

I.    To state an Eighth Amendment claim for excessive bail, plaintiffs must allege that their set bail was excessive.  The Malmquists, without claiming the actual amount of their established bail was excessive, assert that the Metropolitan Government violated the Eighth Amendment by allegedly offering to set bail at multiple amounts, and by using a bail schedule.  Did the Trial Court err in finding that the Malmquists failed to assert a cognizable Eighth Amendment claim?

II.   A substantive due process claim is inappropriate if the claim is governed by another specific constitutional provision, such as the Eighth Amendment.  Here, the Malmquists assert a substantive due process violation because their bail was "arbitrarily set," not denied or prohibitively established, by a bond schedule.  Did the Trial Court err in finding that these claims are incognizable under a substantive due process theory because they fall under the protections of the Eighth Amendment?

III.  State procedural rights that do not require a particular substantive outcome are not liberty interests protected by the Fourteenth Amendment.  The Malmquists claim the Metropolitan Government violated their procedural due process rights by allegedly violating statutes that the Sixth Circuit has held do not give rise to a federally protected liberty interest. Did the Trial Court err in finding that the Malmquists had not presented a state-law created and constitutionally protected liberty interest?

## STATEMENT OF THE CASE

The Metropolitan Government is satisfied with the Malmquists' statement of the case, with the exception of the last paragraph. The Metropolitan Government maintains that *Fields v. Henry County, Tenn.*, 701 F.3d 180 (6th Cir. 2012), and other well established case law, is dispositive of the Malmquists' claims against the Metropolitan Government.

## STATEMENT OF THE FACTS

The Metropolitan Government disputes that the facts as set forth by the Malmquists fully and actually reflect the events underlying this cause of action. Nevertheless, the materials set forth by the Malmquists accurately reflect the general allegations made by the Malmquists as they appear in the Complaint. (Compl., RE 1, PageID#s: 2-5.)

## SUMMARY OF THE ARGUMENT

The Malmquists, asserting that a Metropolitan Government Magistrate failed to follow Tennessee's procedural laws concerning the establishment of bail, attempt to state a 42 U.S.C. §1983 claim for the alleged violation of their Eighth and Fourteenth Amendment rights.

Significantly, the Malmquists do not assert that they were denied bail or subjected to a bail amount that was excessive.    Simply, the Malmquists assert that a magistrate judge arbitrarily set their bail amounts by utilizing a bail schedule, and by offering two different bond amounts depending upon the type of security the Malmquists intended to pledge.  These assertions do not state a viable Section 1983 claim for three reasons.

First, as the Sixth Circuit recently held, the Eighth Amendment Excessive Bail Clause focuses on exactly that, bail amounts or conditions that are excessive.    The Malmquists allege that the Metropolitan Government violated the Eighth Amendment merely by using a bail schedule to determine bail.  Additionally, they assert that the Metropolitan Government violated the Eighth Amendment by offering bail at one monetary amount for a cash bail, and a different amount for a bond.

Significantly, the Malmquists do not claim that the bail amount actually set in their case, $500.00 for both Plaintiffs, was grossly disproportional to the gravity of the offenses for which they were charged.  Additionally, the Malmquists do not assert that they ever had

to pay anything more that the lowest amount of bail offered to them. Accordingly, they have not stated a claim that their bail was excessive under the Eighth Amendment.

Second, the Supreme Court has consistently held that a substantive due process claim is inappropriate if the substance of that claim is covered by another amendment. Here, the Malmquists assert that the Metropolitan Government's "arbitrary setting of bail based on a preset bail schedule" violates the substantive Due Process Clause of the Fourteenth Amendment. In effect, the Malmquists only challenge the procedure by which the bail was imposed, as they were never denied bail. Accordingly, their claims that their bail was arbitrarily set are more appropriately examined under the Eighth Amendment Excessive Bail Clause, rather than the Substantive Due Process Clause of the Fourteenth Amendment. And because the Malmquists have not stated a proper claim under the Eighth Amendment, the dismissal must be upheld.

Finally, the Malmquists assert that the Metropolitan Government violated their procedural due process rights by utilizing a preset bond schedule instead of determining their bail on an individualized basis.

Again, the Malmquists do not claim that they were given an excessive bail amount or held without bail, but instead assert that the process by which their bail was determined was flawed under Tennessee procedural laws.  Simply stated, the Malmquists have not asserted or identified any law that the Metropolitan Government allegedly violated which rises to the level of a liberty interest.  As the Sixth Circuit has recently held, the Tennessee procedural laws governing the establishment of bail applicable to the Malmquists' claims against the Metropolitan Government do not give rise to a liberty interest, because the laws contain no required substantive outcome.  Thus, the Malmquists have not stated a viable procedural due process claim against the Metropolitan Government.

Accordingly, the District Court's dismissal of the Malmquists' claims should be affirmed.  Moreover, in light of the nature of the Malmquists failure to acknowledge the application of clear law to this matter, the Metropolitan Government requests that this court consider the frivolity of this appeal as it relates to the claims against the Metropolitan Government.

## STANDARD OF REVIEW

The Malmquists' claims were dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The standard of appellate review for a motion to dismiss pursuant to Rule 12(b)(6) is *de novo,* and the Court will employ the same standard as the district court. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008)

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed if the complaint fails to state a claim upon which relief can be granted. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 433. While the complaint is to be liberally construed, its allegations must contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993).

All factual allegations in the complaint are presumed to be true, and reasonable inferences must be made in favor of the non-moving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 433. But those factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F3d 523,

527 (6th Cir. 2007).  What is more, this Court does not have to accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## ARGUMENT

The Malmquists bring this suit under 42 U.S.C. § 1983.  "To establish that a local government is liable under § 1983, a plaintiff must show that (1) the local government had an official policy, custom, or practice that (2) deprived the plaintiff of his federal rights." *Fields v. Henry County, Tenn.*, 701 F.3d 180, 183 (6th Cir. 2012) (citing *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012)).  The Malmquists claim that the Metropolitan Government, through its judicial commissioners, violated the Malmquists' rights "by knowingly and deliberately instituting and approving of a system where bail is set on something other than the statutory elements or an individualized determination of the need for bail." (Compl., RE 1 at ¶ 29, PageID#: 6.) As a result, the Malmquists allege that the Metropolitan Government's bail setting procedure violates their Eighth Amendment right against excessive bail, and their Fourteenth Amendment rights of substantive and procedural due process. (*Id.*)

As set forth below, even accepting the Malmquists allegations as true, they fail to state a claim upon which relief can be granted.

## I. THE MALMQUISTS HAVE NOT STATED A CLAIM UNDER THE EIGHTH AMENDMENT BECAUSE THEY HAVE NOT ASSERTED THAT THE AMOUNT OF THEIR BAIL WAS EXCESSIVE.

In their brief, the Malmquists assert that the Metropolitan Government violated the Eighth Amendment Excessive Bail Clause in two ways. (Appellants' Br. at 3.)  First, by setting bail "based on a preset bail schedule that is not reasonably calculated to assure that that defendant's appearance in court." (*Id*.)  And second, by allegedly offering two different bail rates dependent upon the method by which the Malmquists intended to make bail.[1]  Neither alleged action states a claim under the Eighth Amendment.

---

[1] As noted in the Metropolitan Government's motion to dismiss, the Malmquists do not allege that they were ever required to pay a $1,000.00 bond, but only assert that they were initially offered bail at two different rates. (Mem. In Supp. of Metro. Gov't Mot. to Dismiss, RE 24, PageID#: 65; Compl., RE 1, PageID#s: 4-8.)  Absent any allegation that they were required to actually post a $1,000.00 bond, the Malmquists have not stated facts sufficient to support their legal argument.  Indeed, Meredith Malmquist's bond was admittedly $500.00. (Compl., RE 1 at ¶23, PageID#: 5.)  In any event, the Malmquists never allege that either the $500.00, or potentially $1,000.00, bail amount was constitutionally excessive.

The Eighth Amendment provides that excessive bail shall not be required.[2]  It does not mandate bail in all cases. *United States v. Salerno*, 481 U.S. 739, 753–54 (1987) (citing *Carlson v. Landon*, 342 U.S. 524, 545–46 (1952)).  Instead, when bail is granted, the Eighth Amendment mandates that it may not be unreasonably high in light of the government's purpose for imposing bail. *See Salerno*, 481 U.S. at 754.

Under the Eighth Amendment's Excessive Fines Clause, the term "excessive" means "grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (interpreting the Excessive Fines Clause).

The Sixth Circuit, in *Fields*, 701 F.3d 180, recently affirmed that an Eighth Amendment claim must allege that the actual amount of the bail established is "excessive either relative to the crime [the person] was charged with or based upon the particular facts of [their] case."

---

[2] While the Eighth Amendment's prohibition of excessive bail has not been squarely held to apply to the states through the Fourteenth Amendment, the Sixth Circuit has—like the Supreme Court—assumed without deciding that the Clause is incorporated against the states. *Fields v. Henry County, Tenn.*, 701 F.3d 180, 184 n.4 (6th Cir. 2012).

*Fields*, 701 F.3d at 184.[3]  Additionally, the *Fields* Court found that the use of a bond schedule, even under Tennessee law, does not violate the Eighth Amendment. *Id.*  What is more, the *Fields* Court further held that "**nothing in the Eighth Amendment requires a particular type of process or examination.**" *Id.* at 185 (emphasis added) (citing *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir.2007) ("We will not assume that Galen's bail was excessive simply because the state failed to comply with a self-imposed procedural requirement . . . .") and *United States v. Giangrosso*, 763 F.2d 849, 851 (7th Cir.1985) ("[The defendant] is not complaining about excessive bail, but about the procedures used to deny bail; that is a complaint under the due process clause . . . .")).

In short, *Fields* disposes of the Malmquists' claims under the Eighth Amendment.

Even so, the Malmquists continue to assert that the Metropolitan Government violated their Eighth Amendment rights by utilizing a bond schedule to set their bail at the same amount as other defendants

---

[3] Counsel for the Malmquists is also the plaintiff's counsel of record in *Fields*. (Appellants' Br. at 33.)  Additionally, the Malmquists' counsel was also the counsel of record in each of the seven cases addressed in pages 21-37 of the Appellants' Brief.

facing assault or domestic-assault charges, and by offering two potential bail amounts to the Malmquists. But again, there is no allegation that the actual amount set, or paid, was excessive. In fact, the Malmquists' own allegations, as noted by the District Court, establish that the bail set for the Malmquists was actually lower than the majority of persons arrested on similar charges. (Compl., RE 1 ¶ 26, PageID#: 5; Mem. Op. RE 39, PageID# 174.)

Under *Fields*, the Malmquists have not asserted facts to support a claim that the Metropolitan Government violated the Eighth Amendment. Accordingly, the Trial Court's dismissal of that claim should be affirmed.

Understanding this reality, the Malmquists now attempt to muddle the resolution in *Fields* by broadly calling its determinations "pure dicta." (Appellants' Br. at 35.) To justify labeling the cogent analysis in *Fields* "pure dicta," the Malmquists assert that the plaintiff in *Fields* "never presented any facts that he himself was subjected to any 'preset schedule' or any 'list maintained' by the jail." (Appellants' Br. at 34.) Additionally, the Malmquists assert that the *Fields* opinion does not concern an alleged practice and policy "to deliberately increase

bail to ostensibly encourage commercial bail bondsmen to post an arrestee's bail." (Appellant Br. at 34.)

This broad attempt to nullify the *Fields* opinion is erroneous for two primary reasons.  First, in *Fields*, the Court was asked to determine whether a person who had not alleged that the bail amount they were assigned was excessive under the Eighth Amendment states an Eighth Amendment claim by asserting that the determination was not made on an individualized basis.  The Court, noting that Mr. Fields "fail[ed] to point to any inherent problem with the dollar amount set in his case" and did not "claim [that his bond] was excessive either relative to the crime he was charged with or based upon the particular facts of his case," found that Mr. Fields had failed to state a claim under the Eighth Amendment. *Fields*, 701 F.3d at 184.  This finding was central to the claims in *Fields*, and is fatal to the Malmquists' Eighth Amendment claims here.

Second, in *Fields*, there can be no dispute that the Sixth Circuit determined that the Eighth Amendment analysis concerning a bail schedule was one of the issues requiring a holding:

> Henry County does not dispute that . . . **its policy was to set bail using a bond schedule. Thus, the only issue**

> **before us is whether [that policy] violated the plaintiff's Eighth and Fourteenth Amendment rights.** Fields advances two theories under the Eighth Amendment: (1) **Henry County's use of a bond schedule to set his bail violated his right to be free from excessive bail . . . . He is wrong . . . .**

*Id.* (emphasis added). Thus, even if this Court assumes that *Fields* was not asserting that the use of a bail schedule, rather than an individualized assessment, violated his Eighth Amendment and Fourteenth Amendment rights—which he was—the panel hearing the case certainly found it to be a central issue in the appeal, and so held. *Id.*

But let us not assume. Indeed, here is what the Malmquists' counsel presented to the Sixth Circuit in *Fields* as one of the issues for determination:

> Whether the Excessive Bail Clause of the Eighth Amendment to the U.S. Constitution applies to prohibit government conduct where bail is set on a generalized basis to all arrestees regardless of individual likelihood to not appear or be a danger to the community if released pretrial.

(Appellant's Br. at 2, *Fields*, 701 F.3d 180 (No. 11-6352).) Additionally, the Malmquists' counsel also asserted the following in *Fields*:

> In addition, because Henry County sets bail based on a preordained formula, rule of thumb, or preset list, it does not base the need for bail nor the amount or condition of bail on

13

> an individualized basis as to *that* individual but rather on a group or class basis. Since the need for bail and the amount or condition of bail is not based on an *individualized* assessment, it is excessive and therefore violative of the Eighth Amendment.
>
> For its part, Henry County does not deny that it violates state law in all these respects and does not deny that it uses a preset bond amount based on the charged offense or that it allows the court clerk to set bail even if a judicial commissioner or a judge is on duty. It merely argues that even if it is violating the law, so what?

(*Id.* at 51.)  As well as this:

> Mr. Fields, as with every other plaintiff in the other bail cases brought against Tennessee counties, did not and does not dispute that the government has a duty to set bail in light of a perceived evil. Rather, he argues that the perceived evil, if any, must be particular as to **him** or **his** likelihood to flee or harm someone if released and not based on the charged offense alone and derived from some arbitrary schedule.

(Appellant's Reply Br. at 7, *Fields*, 701 F.3d 180 (No. 11-6352) (emphasis in original).)

Accordingly, the holdings in *Fields* relating to the bond schedules cannot be said to be dicta.  Nevertheless, even if such holdings are dicta, they are still entitled to significant weight as judicial dicta.

A recent dissenting opinion artfully sets forth the relevant legal analysis concerning dicta in the Sixth Circuit. *See Metro. Hosp. v. U.S.*

14

*Dept. of Health & Human Services*, No. 11-2465, 2013 WL 1223307 (6th Cir. Mar. 27, 2013).

> [T]he line between holding and *dictum* is not always clear. A "holding" is a court's "determination of a matter of law pivotal to its decision; a principle drawn from such a decision." Black's Law Dictionary (9th ed. 2009). The holding of a decision, which has precedential effect, is to be contrasted with "*obiter dictum*," which does not have precedential effect. "*Obiter dictum*," "something said in passing" in Latin, is a "judicial comment while delivering a judicial opinion, but one that is unnecessary to the decision before the court and therefore not precedential." *Id.* "Judicial *dictum*," however, is an "opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision." *Id.* Judicial *dictum*, sometimes referred to as "considered *dictum*," albeit not necessarily binding, is entitled to considerable weight. *See ACLU v. McCreary County, Ky.*, 607 F.3d 439, 448 (6th Cir. 2010) (recognizing that appellate courts consider themselves bound by Supreme Court's considered *dicta* almost as firmly as by its holdings); *PDV Midwest Refining, LLC v. Armada Oil and Gas Co.*, 305 F.3d 498, 510 (6th Cir. 2002) (lengthy discussion, though arguably *dictum*, followed as well-reasoned and persuasive); *Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) (collecting cases recognizing that considered *dictum* is not to be taken lightly).

*Metro. Hosp.*, 2013 WL 1223307, at *27.

Again, the court in *Fields* appropriately addressed the same questions that are presented in this appeal by concluding: "nothing in the Eighth Amendment requires a particular type of process or

examination." *Fields*, 710 F.3d at 185.  To the extent that *Fields* is not dispositive of the Malmquists' claims, the reasoning therein provides a sound basis for a determination of the issue, upon which this Court should so hold.[4]  Indeed, the Malmquists have not even attempted to brief why the outcome in this case should be different from the determination in *Fields*.

## II.   THE MALMQUISTS' SUBSTANTIVE DUE PROCESS CLAIM IS PRECLUDED BY THE EIGHTH AMENDMENT.

The Malmquists claim that by allowing its judicial commissioners to set bail with a bail schedule rather than "on an individualized basis," the Metropolitan Government has deprived the Malmquists of their substantive due process rights. (Appellants' Br. at 3.)  This argument should be rejected.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  Due process rights are to be protected in

---

[4] To the extent this Court finds that *Fields* is not dispositive of the Malmquists' Eighth Amendment claims concerning the bail amounts offered at two rates, the Metropolitan Government rests upon (and incorporates herein by reference) its briefing below and the opinion of the District Court concerning this issue. (Mem. in Supp. of Metro. Gov't Mot. to Dismiss, RE 24, PageID#s: 65-68; Mem Op., RE 39, PageID#s: 171-175.)

both a substantive and a procedural sense. *See*, *e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). Substantive due process claims may be divided into two categories: (1) deprivations of a particular constitutional guarantee and (2) actions by the government that are "arbitrary, or conscience shocking in a constitutional sense." *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992); *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir.1997). Notably, **the Malmquists have conceded that they have "never made a shock the conscience claim."** (Resp. to Def.'s Mot. To Dismiss, RE 33, PageID#: 139; Mem. Op., RE 45, PageID#: 208.)

"[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that the more explicit textual source of constitutional protection against excessive force should be used in a Section 1983 suit, instead of the more generalized notion of substantive due process); *Lewis*, 523 U.S. 833, 842-43 (holding that the more-

specific-provision rule of *Graham* requires that if a constitutional claim is covered by a specific constitutional provision, it must be analyzed under the standard appropriate to that specific provision, not under substantive due process).

The Malmquists devote a significant amount of ink to the notion that a denial of bail is subject to examination under the Substantive Due Process Clause. To be sure, the **denial** of bail is analyzed under the Substantive Due Process Clause. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981). But **this case does not concern a denial of bail**. Indeed, the Malmquists acknowledge that they were allowed to post bail and were released. (Compl., RE 1, PageID#s: 4-5.) And as discussed above, the Malmquists have not stated a viable Eighth Amendment claim. Accordingly, the Malmquists' substantive due process claim must be dismissed.

But even if this Court finds that a federal substantive due process claim was proper in this context, and that the Malmquists actually asserted a "shocks-the-conscience" claim, the claim should still be dismissed as a matter of law. Taking the Malmquists' allegations as true, even if the judicial commissioners of the Metropolitan Government

were assigning bail based on an arbitrary formula, this would not qualify as an action that would "shock the conscience," as required for actions taken by government actors. *Lewis*, 523 U.S. 833, 845-55.  As the Supreme Court stated in *Lewis*,

> Protection against governmental arbitrariness is the core of due process, including substantive due process, but only the most egregious executive action can be said to be "arbitrary" in the constitutional sense; the cognizable level of executive abuse of power is that which shocks the conscience.  The conscience-shocking concept points clearly away from liability, or clearly toward it, only at the ends of the tort law's culpability spectrum: Liability for negligently inflicted harm is categorically beneath the constitutional due process threshold, while conduct deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.

*Lewis*, 523 U.S. at 384 (internal citations omitted).

The Malmquists do not allege that they were denied bail, much less assert that their set bail was unreasonably high.[5]  Because the actions of these judicial commissioners could not qualify as conscience shocking, even taking the Plaintiffs' allegations as true, the District Court's dismissal of the substantive due process claim must be affirmed.

---

[5] Again, the Malmquists essentially acknowledge that their established $500.00 bail amount was lower than that set for the majority of other persons charged with the same offense. (Compl., RE 1 ¶ 26, PageID#: 5.)

### III. THE MALMQUISTS HAVE FAILED TO STATE A PROCEDURAL DUE PROCESS CLAIM BECAUSE THEY HAVE NOT IDENTIFIED A CONSTITUTIONALLY-PROTECTED LIBERTY INTEREST THAT THE METROPOLITAN GOVERNMENT VIOLATED.

A plaintiff alleging a procedural due process claim must assert: (1) a life, liberty, or property interest protected by the Due Process Clause; (2) a deprivation of that interest; and (3) a lack of adequate process. *See Fields*, 701 F.3d at 185 (citing *Women's Med. Prof'l. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir.2006)).  "Liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Fields*, 701 F.3d at 185 (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The Malmquists maintain that Tennessee bail laws create a "right to have bail determined on an individualized basis rather than on a preset bail schedule." (Appellants' Br. at 3.)

As the court notes in *Fields*:

> State law creates protected liberty interests only when (1) the state places "substantive limitations on official conduct" by using "explicitly mandatory language in connection with requiring specific substantive predicates," **and** (2) the state law requires a specific outcome if those "substantive predicates are met." Procedural rights that "do not require a particular substantive outcome" cannot give rise to protected liberty interests. Otherwise, federal courts could end up discouraging states from creating their own systems of

procedural rights because states would fear opening themselves up to federal scrutiny.

*Fields*, 701 F.3d at 186 (emphasis added) (citing *Gibson v. McMurray*, 159 F.3d 230, 233 (6th Cir. 1998)). Accordingly, a violation of a state statute does not, in and of itself, give rise to a cause of action under Section 1983. *White by Swafford v. Gerbitz*, 862 F.2d 457, 461 (6th Cir. 1989).

Notably, the Malmquists do not assert that they were not present before a magistrate, given a bail amount, or allowed to make bail. Essentially, the Malmquists claim that the Metropolitan Government did not follow Tennessee procedural laws concerning bail establishment. But state-law rights promising only a particular type of hearing, not a specific outcome, do not give rise to a constitutionally-protected liberty interest. *Fields*, 701 F.3d at 186 (citing *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (holding that the statutory right to a parole hearing does not create a liberty interest); *Procopio v. Johnson*, 994 F.2d 325, 332 (7th Cir.1993) (holding that the statutory right to an administrative hearing does not create a liberty interest); *see also Shango v. Jurich*, 681 F.2d 1091, 1101 (7th Cir. 1982) ("If a right to a hearing is a liberty interest, and if due process accords the right to a

hearing, then one has interpreted the Fourteenth Amendment to mean that the state may not deprive a person of a hearing without providing him with a hearing. *Reductio ad absurdum*.")).

Again, the Sixth Circuit's opinion in *Fields* is dispositive of the Malmquists procedural due process claims against the Metropolitan Government. The Malmquists' brief concerning their procedural due process claims is substantially identical to the brief filed by the Plaintiff in the *Fields* case. *Compare* Appellants' Br. at 37-49 *with* Appellant Br. at 37-50 in *Fields*, 701 F.3d 180 (No. 11-6352). In fact, the briefs are nearly word-for-word. Despite this fact, and with full knowledge of the holding in *Fields*, the Malmquists fail to identify any alleged state-created right that was not presented to the court in *Fields* as a justification for a state-created liberty interest in that case.[6]

In *Fields*, after considering identical arguments in favor of a state-created liberty interest, the Sixth Circuit found that Tennessee's bail laws do not create a liberty interest that warrants protection under the

---

[6] To the extent that the court in *Fields* refused to address whether a person has a liberty interest rooted in his right to post bail in the county where he was arrested, such a holding here would not implicate the Metropolitan Government. *See Fields*, 701 F.3d at 187. The Malmquists were not arrested within the Metropolitan Government of Nashville and Davidson County. (Compl., RE 1, PageID#s: 2-3.)

Due Process clause. *Fields*, 710 F.3d at 187.  Significantly, the Sixth Circuit held that the following were not state-law created liberty interests subject to enforcement under Section 1983 under these circumstances: (1) a right to be examined by a judicial commissioner before being committed to jail; and (2) a right to be examined in a bail hearing.  Indeed, the Sixth Circuit, relying upon the District Court's determination in this case, found that Tennessee law does not presume that defendants be released on their own recognizance. *Fields*, 701 F.3d at 186-88.

Essentially, the Malmquists, as did the Plaintiff in *Fields*, assert that they were denied due process by a governmental entity's failure to follow a purely procedural process that does not require a particular substantive outcome.  And they do so by relying upon the exact same state laws—and brief—that were rejected by the Sixth Circuit in *Fields*. Again, "procedural rights that do not require a particular substantive outcome cannot give rise to protected liberty interests." *Fields*, 701 F.3d at 186.

Understanding that the opinion in *Fields* is unfavorable on this point, the Malmquists attempt to distinguish it by broadly asserting

that it is dicta. (Appellants' Br. at 34-37.)  But for the same reasons as discussed above, these efforts fail.  What is more, the Malmquists again fail even to address the impact of *Fields* anywhere within this section of their brief.

*Fields* is dispositive of the procedural due process claims against the Metropolitan Government.  And to the extent that the Malmquists contend that it is not, they have failed to articulate any liberty interest that was improperly rejected in *Fields*.  Instead, they continue to misstate and misconstrue the status of Tennessee law, as indicated by the opinions of the District Court in this case, and the Sixth Circuit in *Fields*.  Accordingly, the procedural due process claims should be dismissed.

## IV. THE MALMQUISTS' APPEAL IS FRIVOLOUS IN LIGHT OF THE SIXTH CIRCUIT'S RECENT HOLDING IN *FIELDS* AND OTHER WELL-ESTABLISHED PRECEDENT.

The Metropolitan Government maintains that the Malmquists' appeal is frivolous.  The Sixth Circuit "deems an appeal to be frivolous when the appellant's arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012) (internal

quotations omitted) (quoting *Tareco Props., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003)).  "The Court also has discretion, under 28 U.S.C. § 1927, to assess excess costs, expenses, and attorney fees directly against an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously.'" *Waeschle*, 687 F.3d at 296 (quoting 28 U.S.C. § 1927).  An attorney multiplies the proceedings unreasonably and vexatiously when the attorney "knows or reasonably should know that a claim pursued is frivolous." *Waeschle* 687 F.3d at 296.

While the Malmquists acknowledge the existence of the Sixth Circuit's decision in *Fields*, 701 F.3d 180, and note that it is unfavorable, they fail to address the impact of *Fields* in this case—other than generally referencing the unfavorable portions of the opinion as dicta.  Again, even if *Fields* is dicta, it is certainly very persuasive authority supporting the Metropolitan Government's position.  Authority that the Malmquists largely ignore.

Additionally, counsel for the plaintiff in *Fields* should not be permitted to represent to the Sixth Circuit that certain matters are central issues in that case while the appeal was ongoing, then later represent that such matters were not central for the purpose of

analyzing this case.  What is more, while the Malmquists are certainly entitled to "preserve their rights to further appeal when and if *Fields*" is reviewed by the U.S. Supreme Court, they are not entitled to proceed forward with their analysis in this case as though that decision did not exist. (Appellants' Br. at 5.)

If the Malmquists intend to make a good-faith argument for a change in the law, their counsel, as an officer of the court, is obligated to acknowledge that they were doing just that and deal candidly with the obvious authority that is contrary to the Malmquists' position.  That has not been done here, as there is no discussion as to why the *Fields* decision was improperly determined.  Accordingly, the Court should consider this appeal frivolous as it relates to the claims against the Metropolitan Government.

## **CONCLUSION**

The District Court's dismissal of the Malmquists' claims under Fed. R. Civ. P. 12(b)(6) was appropriate and should be upheld for three reasons.  First, as the Sixth Circuit recently held, the Malmquists have failed to assert a viable Eighth Amendment excessive bail claim because they have failed to assert facts sufficient to support a claim

26

that their bail amount was excessive.   Second, the Malmquists'
substantive due process claim is inappropriate because the claim is
more appropriately addressed under the Eighth Amendment.   Finally,
the Malmquists' procedural due process claims fail because they have
not asserted or identified any law that the Metropolitan Government
allegedly violated that rises to the level of a liberty interest, as recently
found by the Sixth Circuit.

Accordingly, the Court should affirm the District Court's dismissal
of the Malmquists' claims.   Additionally, given the Malmquists' failure
to acknowledge the application of clear law to this matter, the
Metropolitan Government requests that this court consider the frivolity
of this appeal as it relates to the claims against the Metropolitan
Government.

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
SAUL SOLOMON (TN BPR No. 11689)
Director of Law

/s/ Christopher M. Lackey
Allison L. Bussell (TN BPR No. 23538)
Christopher M. Lackey (TN BPR No.26419)
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the accompanying brief is 5,590 words in length.

DATED:    April 15, 2013

/s/ Christopher M. Lackey
Christopher M. Lackey

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded via the Court's electronic filing system to all parties indicated on the electronic filing receipt, including Jerry Gonzalez, Robert M. Burns, and C. Mark Harrod, on this the 15th day of April, 2013.

/s/ Christopher M. Lackey
Christopher M. Lackey

# ADDENDUM
## DESIGNATION OF CITED DISTRICT COURT DOCUMENTS
## (WITHIN THE ELECTRONIC RECORD)

| RE NO. | TITLE | PageID # Range |
|--------|-------|----------------|
| 1 | Complaint | 1-14 |
| 24 | Memorandum in Support of Metropolitan Governments Motion to Dismiss | 61-73 |
| 33 | Plaintiff's Response to Metro-Nashville's Motion to Dismiss | 126-147 |
| 39 | Memorandum Opinion Dismissing the Metropolitan Government | 167-185 |
| 45 | Memorandum Opinion Dismissing Germantown | 202-219 |