CASE NO. 12-5951

In The

# United States Court of Appeals

## For The Sixth Circuit

◆

**SHEM and MEREDITH MALMQUIST**
*Plaintiffs-Appellants,*

**v.**

**THE METRO GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,
TENNESSEE AND THE CITY OF GERMANTOWN, TENNESSEE**
*Defendants-Appellees.*

◆

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE; CASE NO. 3:11-cv-01014**

◆

**APPELLEE'S BRIEF**

◆

**Robert M. Burns**
**C. Mark Harrod**
**Howell & Fisher, PLLC**
**300 James Robertson Parkway**
**Nashville, TN 37201**
**615-244-3370**
**Attorneys for Defendant-Appellee**
***The City of Germantown, Tennessee***

◆

**ORAL ARGUMENT WAIVED**

## <u>DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules of the Sixth Circuit Court of Appeals, Appellees, make the following disclosures:

1.      Is said party a subsidiary or affiliate of a publicly- owned corporation? No.

   If answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party: Not Applicable.

2.      Is there a publicly-owned corporation, not a party to the appeal, that has a financial interest in the outcome? No.

   If answer is YES, list the identity of such corporation and the nature of the financial interest: Not Applicable.


Date: April 15, 2013         *s/ C. Mark Harrod*
                             Robert M. Burns, #15383
                             C. Mark Harrod,  #28416
                             HOWELL & FISHER, PLLC
                             Court Square Building
                             300 James Robertson Parkway
                             Nashville, TN  37201-1107
                             (615) 244-3370
                             *Attorneys for Defendant Appellant*
                             *City of Germantown*

II

## **TABLE OF CONTENTS**

CORPORATE DISCLOSURE……………………………..…….…………II

TABLE OF CONTENTS……………………………..…………………………III

TABLE OF CASES, STATUTES AND AUTHORITIES………....……….IV

WAIVER OF ORAL ARGUMENT…………………………………………...7

JURISDICTIONAL STATEMENT…………………………………………8

STATEMENT OF ISSUES FOR REVIEW…………………...……………9

STATEMENT OF THE CASE………………...……………..……………10

STATEMENT OF FACTS……………………………………………………11

SUMMARY OF ARGUMENT……………………………………………13

ARGUMENT………………………………………………………………15

      1.    Standard of review on appeal…………...…………………15

      2.    The District Court did not err in dismissing Plaintiffs' 42

           U.S.C.A. §1983 claims against Germantown ……………..…16

      3.    The District Court did not err in dismissing Plaintiffs' 8th

           Amendment claims……………………………...………16

      4.     The District Court did not err in dismissing Plaintiffs' 14th

           Amendment claims……………………………...………18

CONCLUSION…………………………………………….………25

CERTIFICATE OF COMPLIANCE………………………………………26

CERTIFICATE OF SERVICE………………………………………...…27

APPELLEE'S DESIGNATION OF THE RECORD………………………28

ADDENDUM……………………………………………………………30

## **TABLE OF AUTHORITIES**

### RULES AND STATUTES

28 U.S.C. § 1291………………………………………………...…………8

28 U.S.C. § 1331…………………………………………………...………..8

42 U.S.C. §1983……………………………………………….………..8,16

T.C.A. § 40-11-106(a)…………………………………………………….24

T.C.A. § 40-11-147……………………………………………………24,30

### CASES

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)………………………………15

*Baker v. McCollan*, 443 U.S. 137 (1979)…………………………….......19, 20

*Barcomb v. Sabo*, 2011 WL 1770795 (N.D.N.Y. May 9, 2011) <u>aff'd,</u> 487 F.

App'x 645 (2d Cir. 2012))…………………………………………………….23

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)……………………15

*Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)………………………………17

*Bruederle v. Louisville Metro Gov't,* 687 F.3d 771, 777 (6th Cir. 2012)….16

*Carlson v. Landon,* 342 U.S. 524, 545–46, 72 S.Ct. 525, 96 L.Ed. 547 (1952)…………………………………………………………………16

*Casias v. Wal–Mart Stores, Inc.,* 695 F.3d 428, 435 (6th Cir.2012)……….15

*Cf. Collins v. Ainsworth,* 382 F.3d 529, 545 (5th Cir.2004)………………18

*Clark v. Link*, 855 F.2d 156, 165 (4th Cir. 1988)…………………………..23

*Conlin v. Mortgage Elec. Registration Sys., Inc.*, 12-2021, 2013 WL 1442263 (6th Cir. Apr. 10, 2013)………………………………………15

*Ctr. for Bio–Ethical Reform v. Napolitano,* 648 F.3d 365, (6th Cir.2011)..15

DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)………………17

*Fields v. Henry County, Tenn.,* 701 F.3d 180, 183 (6th Cir. 2012)………………………………………………14,16-18,20,21, 22, 24,25

*Flemister v. City of Detroit*, 358 Fed. App'x 616, 621 (6th Cir. Dec. 18. 2009)………………………………………………………………19,20

*Gibson v. McMurray,* 159 F.3d 230, 233 (6th Cir.1998)…………………..21

*Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864………………….............21

*Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996)….19

*Procopio v. Johnson,* 994 F.2d 325, 332 (7th Cir.1993)…………………...22

*Shango v. Jurich,* 681 F.2d 1091, 1101 (7th Cir.1982)……………………22

*Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994)………....………22

*United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)……………………………………………………………………16

*United States v. Salerno,* 481 U.S. 739, 753–54, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)……………………………………………………………………16

*Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595, 611 (6th Cir.2006)…..20

*Woods v. City of Michigan City,* 940 F.2d 275, 283 (7th Cir.1991)……….18

## **WAIVER OF ORAL ARGUMENT**

Appellants and Defendant-Appellee Metro Nashville have stated that oral argument need not be heard in this case. Appellee Germantown agrees.

## <u>STATEMENT OF JURISDICTION</u>

Plaintiffs' case before the United States District Court, Middle District of Tennessee, was based on federal claims pursuant to 42 U.S.C. § 1983. The District Court had jurisdiction over those claims pursuant to 28 U.S.C. § 1331. The District Court dismissed Plaintiffs' case by entry of Orders dated November 29, 2011 and July 17, 2012. Appellants appeal from those Orders, which dismissed all claims against Appellees with prejudice. Plaintiffs filed a notice of appeal on August 13, 2012. This appeal was taken pursuant to 28 U.S.C. § 1291, providing this Court jurisdiction to review final decisions of the district courts.

## <u>STATEMENT OF THE ISSUES PRESENTED FOR APPEAL</u>

Appellee, the City of Germantown, ("Germantown") contends that the decision of the United States District Court below, granting its motion to dismiss, should be affirmed. Specifically, Appellee maintains that the District Court did not err in finding that Plaintiffs were not denied bail in violation of their Constitutional rights, and that any alleged violation of the Tennessee Bail Reform Act did not amount to a denial of due process or any other federal right. Germantown further avers that the 6th Circuit's recent ruling in the first of Appellants' Counsel's bail act cases to reach that circuit is controlling and supports dismissal of Plaintiffs-Appellants' claims against Germantown.

## STATEMENT OF THE CASE

Plaintiffs filed a Complaint in the Middle District of Tennessee on October 27, 2010 alleging violations of Plaintiffs', and unnamed others', civil rights. (Complaint, Doc. 1; Page ID 1-14.) Defendant-Appellant Germantown, ("Germantown") answered, denying the allegations raised against it. (Answer, Doc. 22; Page ID 51-58.) Defendant-Appellant Metro Nashville, ("Nashville") then filed a Motion to Dismiss pursuant to F.R.C.P. 12. (Motion to Dismiss, Doc. 23; Page ID 59-60.) Defendant-Appellant Germantown filed a Motion to Dismiss on November 1, 2011. (Doc. 38.) The District Court granted Defendant Metro Nashville's motion to dismiss on November 29, 2011 (Doc. 40) and granted Defendant Germantown's Motion to Dismiss on July 18, 2012. (Doc. 45, 46.) On August 13, 2012, Plaintiffs-Appellants then filed a notice of appeal with the District Court. (Doc. 49.)

## STATEMENT OF FACTS

Germantown agrees that this case was dismissed pursuant to Rule 12, F.R.C.P. motions prior to the initiation of discovery, but objects to Plaintiffs-Appellants' inclusion of certain "facts" in the Complaint and in their Statement of Facts to this Court (Appellants' Brief at Page ID 15-20) which amount to legal conclusions and/or which are totally unsupported assertions of fact. Germantown also objects to the inclusion of numerous "facts" which are in no way germane to the consideration of Plaintiffs' appeal.

The facts, taken from the Complaint and a Memorandum of the District Court (Doc. 39 Page ID 168-9), which are relevant to the Malmquists' claims, are as follows:

On or about October 13, 2009, Shem Malmquist's ex-wife, Danielle Nicolosi, a Davidson County resident, swore out a warrant against plaintiffs Shem and Meredith Malmquist, alleging that the couple had sent her a letter in October, 2008, threatening to have her killed unless she left Memphis – where she apparently lived at the time – and never came back. (Complaint, Doc. 1 at Page ID 2.) In response to Ms. Nicolosi's allegations, Nashville/Davidson County judicial commissioners issued arrest warrants for Shem and Meredith Malmquist for domestic assault and assault, respectively. (*Id.*) On October 28, 2009, Germantown police executed the

warrants and arrested the plaintiffs in their Germantown, Tennessee home. (*Id*.) Officers then held the plaintiffs in the Germantown Police Department until Davidson County police deputies arrived on October 29, 2009, to transport the plaintiffs back to Davidson County. (*Id*. at Page ID 3.)

Upon arrival in Davidson County, the plaintiffs were separately presented via video conference to a county judicial commissioner for bail hearings. (*Id*. at Page ID 4.) Plaintiff Shem Malmquist went first, and the commissioner offered him a choice between posting bail of $500 cash or $1000 through a bail bond service. (*Id*.) Mr. Malmquist chose to post $500 cash. (*Id*.)

Plaintiff Meredith Malmquist then appeared via video conference before the same judicial commissioner, who offered her the same choice of $500 cash or $1000 through a bail bond service. (*Id*.) After the commissioner informed her that Shem Malmquist had chosen the cash option, Meredith Malmquist elected to do the same. (*Id*.)

Shem Malmquist planned to post bail for himself and Meredith using his credit card. (*Id*. at Page ID 5.) However, due to restrictions on the card, he was only able to use it once, to pay for Meredith's bail. (*Id*.)

Plaintiffs allege that the judicial commissioner never questioned either of them about the likelihood that they would flee or pose a danger to the

community if released and never stated the reasons for the commissioner's bail determinations. (*Id*. at Page ID 4.) Plaintiffs further allege that judicial commissioners in Davidson County create no written record of the reasons for their bail determinations. (*Id*.) The Metropolitan government ultimately dropped all charges against Shem and Meredith Malmquist. (*Id*. at Page ID 5.)

## SUMMARY OF THE ARGUMENT

While Appellants' brief contains both a history of bail systems in United States and a history of Appellants' counsel's prior civil rights litigation over the application of the Tennessee Bail Reform Act, Appellants actual claims as they relate to Germantown are limited to a small portion of the brief, and are as follows:

1) That Germantown allegedly violated the Excessive Bail provision of the 8th Amendment because the alleged "denial" of bail to plaintiffs was not "reasonably calculated" on an individualized basis of their likelihood to flee.

2) That Germantown allegedly violated the substantive prong of the due process clause by denying bail arbitrarily and allegedly violated the procedural prong of the due process clause by refusing to present Plaintiffs to a magistrate.

Appellants' first claim fails purely for lack of standing. It is undisputed that Plaintiffs were admitted to bail in Nashville the day following their arrest in Germantown. It is further undisputed that Germantown had nothing to do with the decision concerning bail amount set in Nashville. As Germantown did not set the amount of bail it cannot be said to have set "excessive" bail in violation of the 8th Amendment.

Appellants' 14th Amendment claims against Germantown fail because Germantown did not arbitrarily deny their bail in violation of their federal rights, and because an alleged technical violation of a procedural portion of the state bail act does not give rise to a federally enforceable right. The particular provision of the bail act central to this appeal does not guarantee a particular substantive outcome, thus it fails to create the requisite liberty interest needed for a 14th Amendment procedural due process claim.

Germantown is not inclined to engage in re-litigation of Appellants' counsel's prior cases in which the state bail act was interpreted. Germantown would only offer that Appellants' counsel was unable to cite to a case in which the application or misapplication of the Tennessee bail statutes was found by this Court to have violated a plaintiff's federal constitutional rights. This Court's ruling in the *Fields v. Henry County* case discussed *infra* is dispositive of this case and all litigation concerning the

effect of alleged misapplications of a state procedural laws on a plaintiff's

Constitutional rights under the 8th and 14th Amendments.

## ARGUMENT

### Standard of Review

This Court reviews rulings on Federal Rule of Civil Procedure 12(b)(6) motions to dismiss *de novo. Casias v. Wal–Mart Stores, Inc.,* 695 F.3d 428, 435 (6th Cir.2012). Appellants' Complaint need not contain " 'detailed factual allegations' " to be sufficient, it must go beyond mere " 'labels and conclusions.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "Following *Twombly* and *Iqbal,* it is well settled that 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Ctr. for Bio–Ethical Reform v. Napolitano,* 648 F.3d 365, 369 (6th Cir.2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (in turn quoting *Twombly,* 550 U.S. at 570)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (quoting *Iqbal,* 556 U.S. at 678).

*Conlin v. Mortgage Elec. Registration Sys., Inc.*, 12-2021, 2013 WL 1442263 (6th Cir. Apr. 10, 2013).

Plaintiffs-Appellants filed this action pursuant to 42 U.S.C. § 1983. "To establish that a local government is liable under § 1983, a plaintiff must show that (1) the local government had an official policy, custom, or practice that (2) deprived the plaintiff of his federal rights." *Fields v. Henry County, Tenn.,* 701 F.3d 180, 183 (6th Cir. 2012) (citing *Bruederle v. Louisville Metro Gov't,* 687 F.3d 771, 777 (6th Cir. 2012)).

## Eighth Amendment Claim

Appellants' claim that Germantown set excessive bail in violation of their Eighth Amendment rights fails, on its face, because Germantown never set Plaintiffs' bail. Appellants do not have standing to bring such a claim. The Eighth Amendment provides that "[e]xcessive bail shall not be required." Importantly, the Eighth Amendment does not mandate bail in all cases. *United States v. Salerno,* 481 U.S. 739, 753–54, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (citing *Carlson v. Landon,* 342 U.S. 524, 545–46, 72 S.Ct. 525, 96 L.Ed. 547 (1952)). Rather, the Eighth Amendment mandates that when bail is granted, it may not be unreasonably high in light of the government's purpose for imposing bail. *See id.* at 754, 107 S.Ct. 2095. In applying the Eighth Amendment's Excessive Fines Clause, the Supreme Court has held that the term "excessive" means "grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian,* 524 U.S.

321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998) (interpreting the Excessive Fines Clause). *Fields* at 183-4.

As set forth by the district court in granting Germantown's motion to dismiss, the Plaintiffs' 8th Amendment claims must fail for lack of standing. Plaintiffs failed to allege *any* facts that support Eight Amendment claims against Germantown. Germantown did not set the amount of Plaintiffs' bail, and thus could not have set Plaintiffs' bail in an amount deemed excessive under the Eighth Amendment. Further, and as discussed by the district court, Germantown's never having set Plaintiffs' bail necessitated dismissal of all claims against it concerning the process and policies by which bail is set in Germantown:

> The Supreme Court has emphasized that a plaintiff cannot establish standing simply by showing that a defendant's conduct will injure *someone. Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). Instead, the plaintiff must show that he "is within the class of persons who will be standing for *each claim* he seeks to press' and 'for each form of relief' (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)) 288 F.3d 918, 928 (6th Cir. 2002) ("It is black-letter law that standing is a claim-by-claim issue." ).
> Because Germantown never admitted plaintiffs to bail, the city's customs and policies for how to set the *amount of bail* had no bearing on the plaintiffs. Put simply, Shem and Meredith Malmquist were not within the class of persons "concretely affected" by those policies.

(Memorandum Doc. 45 at PageID 206-7).

To counsel's understanding, it appears that Appellants argue that the period of hours in which they were held in Shelby County, Tennessee prior

to being transferred to Davidson County, Tennessee for a setting of bail allegedly amounts to a "denial of bail" that somehow implicated the 8th Amendment because this alleged "denial" was not reasonably calculated on an individualized basis to assess Plaintiffs' likelihood to flee. The case law in this Circuit and from the Supreme Court is imminently clear on this subject. In order for bail to be excessive in violation of the 8th Amendment, it must be set. The Malmquists' bail was not set by Germantown, and Germantown, therefore, could not have violated Appellants' 8th Amendment rights.  The 8th Amendment claims against Germantown were rightfully dismissed by the District Court. As the *Fields* court held, "The Eighth Amendment's protections address the amount of bail, not the timing. There is no constitutional right to speedy bail. *Cf. Collins v. Ainsworth,* 382 F.3d 529, 545 (5th Cir.2004) ("There is no right to post bail within 24 hours of arrest."); *Woods v. City of Michigan City,* 940 F.2d 275, 283 (7th Cir.1991) (Will, D.J., concurring) ("Nothing in the eighth amendment, however, guarantees instant release for misdemeanors or any other offense.")."

*Fields*, at p.185.

## 14th Amendment Claims

### Substantive Due Process

Appellants appear to argue that their failure to be presented to a magistrate in Shelby County, Tennessee prior to being transported to, and receiving bail in, Davidson County, Tennessee the day after arrest, amounts to a violation of their Substantive Due Process rights. They are mistaken. Substantive Due Process claims either (1) assert the denial of a right, privilege, or immunity secured by the U.S. Constitution or a federal statute; or (2) address official conduct that "shocks the conscience." *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Since Plaintiffs did not make a "shock the conscience" claim (see Memorandum Opinion, Doc. 45, Page ID 208), they must show that Germantown denied a right, privilege, or immunity secured by the United States Constitution or federal statute. Appellants fail to cite any case law that supports an argument that cities violate arrestees' federal rights by temporarily holding the arrestees prior to a bail determination. As the district court found, the Malmquists' detention for a period of less than 48 hours prior to being released on bail in no way constitutes a deprivation of a liberty interest. While the Supreme Court in *Baker v. McCollan*, 443 U.S. 137 (1979) and the Sixth Circuit in *Flemister v. City of Detroit*, 358 Fed. App'x 616, 621 (6th Cir. Dec. 18. 2009) discussed the prospect of a deprivation of an individual's liberty interest after being held for a certain period of time

without bail, the lengths of time noted in those two cases are far greater than the period of time the Malmquists were held prior to a determination of bail. Too, the defendants in *Baker* and *Flemister* were found to have <u>not</u> violated due process rights of the individuals held for three (3) days and four and a half (4.5) days respectively. The Malmquists, having been released on bail within 48 hours of arrest, fail to establish that their Substantive Due Process rights were violated by Germantown.

**<u>Procedural Due Process</u>**

This Court recently discussed the elements of a procedural due process claim in the first of Appellants' counsel's bail act cases to reach the 6th Circuit. Those elements are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Fields* at 185 (citing *Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595, 611 (6th Cir.2006).

Just as the Plaintiff in Fields "tripped on the first hurdle" by failing to demonstrate that a constitutionally protected liberty interest was implicated by the alleged failure of Henry County to comply with terms of Tennessee's bail act, so must the Appellants' procedural due process claims against Germantown fail.

State law creates protected liberty interests only when (1) the state places substantive limitations on official conduct by using explicitly mandatory language in connection with requiring specific substantive predicates, and (2) the state law requires a specific outcome if those substantive predicates are met. *Id*. (citing) *Gibson v. McMurray,* 159 F.3d 230, 233 (6th Cir.1998) (internal quotation marks omitted). Procedural rights that "do not require a particular substantive outcome" cannot give rise to protected liberty interests. *Id.* Otherwise, federal courts could end up discouraging states from creating their own systems of procedural rights because states would fear opening themselves up to federal scrutiny. *Fields* at 186 (citing) *Hewitt,* 459 U.S. at 471, 103 S.Ct. 864 (noting the irony of subjecting states who offer more protections to greater federal oversight).

Appellants appear to assert a single state-law basis for a constitutionally protected liberty interest: That they were entitled to a bail hearing in Germantown, Tennessee after being arrested on a warrant issued in Nashville, Tennessee.  However, just as was the case in Fields, this "putative interest" is not a liberty interest at all. Also, just as in *Fields*, the state-law "right" promises only a particular type of hearing, not a specific outcome. Since the hearing rights do not command a particular substantive outcome, they cannot create a protected liberty interest. *Fields* at 185-6

(citing) *Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994) (holding that the statutory right to a parole hearing does not create a liberty interest); *Procopio v. Johnson,* 994 F.2d 325, 332 (7th Cir.1993) (holding that the statutory right to an administrative hearing does not create a liberty interest); *see also Shango v. Jurich,* 681 F.2d 1091, 1101 (7th Cir.1982) ("If a right to a hearing is a liberty interest, and if due process accords the right to a hearing, then one has interpreted the Fourteenth Amendment to mean that the state may not deprive a person of a hearing without providing him with a hearing. *Reductio ad absurdum.*"). *Fields* at 185-86 (6th Cir. 2012).

Appellants' arguments in their own brief defeat their procedural due process claim: "With a process where an arrestee can be heard, as state law requires, there is an absolute ***probability*** that bail will be granted except for capital offenses as the Tennessee Constitution mandates." (Appellants' Brief at p.52, Page ID 61)(emphasis added). Irrespective of Appellants' claims, the law is clear. When hearing rights **do not *command a particular substantive outcome***, they cannot create a protected liberty interest. *Fields* at 186 (citing) *Sweeton* (emphasis added). Appellants admit that the law in question does not command a particular outcome by directly addressing the "probability" that bail will be granted if the hearing is held in the county of

arrest. Logic dictates that a probability is not a commanded, particular substantive outcome.

Other courts have similarly held that the transfer of an individual to the Court issuing an arrest warrant is not actionable pursuant to §1983:

> Moreover, the arrest warrant was issued in Columbus County. It was not entirely unreasonable that the bail hearing should be held in the jurisdiction where the offense occurred and before the judicial officer issuing the warrant. Some state statutes expressly provide that the arrest "shall" be taken "before the court issuing the warrant." *See,* for instance, section 35-1-8-1(a), Indiana Code, as described in *Coleman v. Frantz,* 754 F.2d 719, 722 (7th Cir.1985)

*Clark v. Link*, 855 F.2d 156, 165 (4th Cir. 1988). (See also *Barcomb v. Sabo*, 8:07-CV-877 GLS DRH, 2011 WL 1770795 (N.D.N.Y. May 9, 2011) aff'd, 487 F. App'x 645 (2d Cir. 2012)) (In this case, Barcomb has pointed to no Supreme Court or Second Circuit authority clearly establishing the right now asserted, or to any other pre-existing law sufficient to give defendants "fair warning" that their conduct in transporting Barcomb to the warrant-issuing county and depriving him of a local arraignment would violate federal law).

Too, the district court noted that T.C.A. § 40-11-147, and it's identical rule of criminal procedure, are in tension with other provisions of Tennessee law. Tennessee Rule of Criminal Procedure 5(a)(1), for example, establishes that,

> Any person arrested — except upon a capias pursuant to an indictment or presentment — shall be taken without

> unnecessary delay before the nearest appropriate magistrate of:
> (A) the county *from which the arrest warrant issued;* or (B) the
> county in which the alleged offense occurred if the arrest was
> made without a warrant[.]
>
> (Emphasis supplied). Since Shem and Meredith Malmquist
> were arrested pursuant to a Davidson County warrant,
> subsection (a)(1)(B) is clearly inapplicable. However, the
> language of Rule 5(a)(1)(A) would appear to have required that
> they be taken without unnecessary delay to a magistrate in
> Davidson County for an initial appearance.
> Similarly, TENN. CODE ANN. § 40-11-106(a) states, in
> pertinent part, that if bail has been set, any sheriff, any
> magistrate or other officer having authority to admit to bail in
> the county where the defendant is arrested, confined or legally
> surrendered *may* take bail in accordance with the provisions of
> §§ 40-11-101 − 40-11-144 and release the defendant to appear
> as directed by the officer setting bail.
> (Emphasis supplied). The language here, particularly the use of
> the word "may," suggests that authorities in the county of arrest
> have at least some discretion over whether or not to admit the
> arrestee to bail in cases where the amount of bail appears on the
> face of the warrant.

(Memorandum Opinion, Doc. 45 at Page ID 214-15).

The district court ruled that this tension between conflicting laws within Tennessee undermined Appellants' argument that state law mandates a particular substantive outcome on the issue of where bail is to be taken. Perhaps most important to the Court's determination of the existence of a liberty interest pursuant to the Tennessee bail statutes came at the close of the *Fields* opinion: "Fields can claim a procedural due process violation in this case only if Tennessee law creates a liberty interest that warrants protection under the Due Process Clause. Tennessee's bail laws do not."

24

*Fields* at p. 187. Appellants were not denied any right pursuant to the state or federal constitutions. As the district court concluded, that they were denied the operation of a procedural device that would in theory have saved them time and money is not a matter of federal constitutional concern. (Memorandum Opinion, Doc. 45 at Page ID 218).

## CONCLUSION

Plaintiffs' Complaint failed to state a claim upon which relief could be granted. The district court properly found that the Malmquists' temporary detention for purposes of transfer to Davidson County, Tennessee, in no way implicated Plaintiffs' 8th or 14th Amendment rights. This Court should rule that Plaintiffs did not properly plead any claim as to Germantown with respect to their 8th Amendment right to be free from excessive bail, and that any alleged violation of state procedural bail laws fails to implicate Appellants' federal rights to bail when they receive bail within 48 hours of arrest. This Court should affirm the district court's ruling in all respects.

Respectfully submitted,


*s/ C. Mark Harrod*
Robert M. Burns, #15383
C. Mark Harrod,  #28416
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN  37201-1107
(615) 244-3370
*Attorneys for Defendant Appellant*
*City of Germantown, Tennessee*


## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Rule 32(a)(7)(B),

F.R.A.P. as this brief contains 3,741 words as set forth by the requirements

of Rule 32(a)(7)(B)(i).


*s/ C. Mark Harrod*
Robert M. Burns, #15383
C. Mark Harrod,  #28416
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN  37201-1107
(615) 244-3370
*Attorneys for Defendant Appellant*
*City of Germantown, Tennessee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the foregoing has been delivered through the clerk's CM/ECF system upon Jerry Gonzalez, Esq., counsel for Plaintiffs-Appellants, and upon Chris Lackey, Esq. and Allison Bussell, Esq., counsel for Defendant-Appellee Metro Nashville this the 15th day of April, 2013.

*s/ C. Mark Harrod*
Robert M. Burns, #15383
C. Mark Harrod,  #28416
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN  37201-1107
(615) 244-3370
*Attorneys for Defendant Appellant*
*City of Germantown, Tennessee*

## APPELLEE'S DESIGNATION OF THE RECORD

Pursuant to Sixth Circuit Rule 30(b), appellee hereby designates the following items that are included in the district court's record.

| Description of Entry: | Filing Date: | Record Entry No. |
|---|---|---|
| Complaint | 10/27/2010 | R. 1, Page ID 1-15 |
| Answer | 4/5/2011 | R.22, Page ID 51-58 |
| Metro Motion To Dismiss | 4/5/2011 | R.23, P. ID 59-60 |
| Metro Memorandum | 4/5/2011 | R.24, P. ID 61-73 |
| Response in Opposition | 4/28/2011 | R.33, P. ID 98-119 |
| Reply | 5/10/2011 | R.37, P. ID 158-163 |
| Germantown Motion to Dismiss | 11/1/2011 | R.38, P. ID 164-166 |
| Memorandum of Court | 11/29/2011 | R.39, P. ID 167-185 |
| Order | 11/29/2011 | R.40, P. ID 186 |
| Response to Germantown Motion to Dismiss | 12/12/2011 | R.43, P. ID 189-192 |
| Reply of Germantown to Response | 12/23/2011 | R.44, P. ID 198-201 |

| Memorandum Opinion | 7/18/2012 | R.45, P. ID 202-219 |
| Order | 7/18/2012 | R.46, P. ID 220-221 |
| Entry of Judgment | 7/18/2012 | R.47, P. ID 222 |
| Notice of Appeal | 8/13/2012 | R.48, P. ID 223-224 |

## ADDENDUM

**40-11-147. Admission to bail after arrest in one county upon a warrant issued in another county.**

A defendant arrested in one county on a warrant issued in another county for the commission of an offense for which the maximum punishment is imprisonment for ten (10) years or less is entitled to be admitted to bail in the county of arrest by the same officials and in the same manner as if arrested in the county issuing the warrant, subject to the following provisions:

  **(1)**  The appropriate clerk or magistrate shall fix the amount of bail to be required and shall set the amount forth on the face of the warrant; and

  **(2)**  The sheriff of the county in which the arrest is made, or the sheriff's deputy, shall transmit the undertaking of bail to the sheriff of the county from which the warrant issued, who shall return it to the court as provided in § 40-11-106.

[Acts 1978, ch. 866, § 1; T.C.A., § 40-1247.]

**Rule 5: Initial Appearance Before Magistrate.**

**(a) In General.**

(1) *Appearance Upon an Arrest.* Any person arrested–except upon a capias pursuant to an indictment or presentment–shall be taken without unnecessary delay before the nearest appropriate magistrate of:

(A) the county from which the arrest warrant issued; or

(B) the county in which the alleged offense occurred if the arrest was made without a warrant, unless a citation is issued pursuant to Rule 3.5.

(2) *Affidavit of Complaint When No Arrest Warrant.* An affidavit of complaint shall be filed promptly when a person, arrested without a warrant, is brought before a magistrate.

(3) *Governing Rules.* The magistrate shall proceed in accordance with this rule when an arrested person initially appears before the magistrate.

[Tenn. R. Crim. P. 5.]